UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DENNIS BRADLEY, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3249** |
| **WAL-MART STORES, INC.,**<br>**ET AL.,**<br>    **Defendants** | **SECTION: "E"(2)** |

### ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiffs Dennis Bradley and Diane Bradley (collectively, "Plaintiffs").[1] The motion is opposed.[2] For the reasons that follow, the motion to remand is **GRANTED**.

### FACTUAL & PROCEDURAL BACKGROUND

This case arises from an incident in which Dennis Bradley was allegedly injured at the Wal-Mart store located at 8101 West Judge Perez Drive in Chalmette, Louisiana.[3] According to the state-court petition, on December 3, 2014, Dennis Bradley was shopping at the Wal-Mart store and, "while using one of their multiple shelf carts for the purchase of numerous artificial Christmas trees, suddenly and without warning, the metal shelf . . . became unsecured and came crashing down onto plaintiff, Dennis J. Bradley's head, knocking him unconscious, causing severe and painful personal injuries."[4]

On December 2, 2015, Dennis Bradley and his wife, Diane Bradley, filed suit in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, against Defendants Wal-Mart Stores, Inc.; Heidi Noel, the Wal-Mart manager on duty at the time

---

[1] R. Doc. 15.
[2] R. Doc. 16.
[3] *See* R. Doc. 1 at 2.
[4] R. Doc. 1-1 at 2.

1

of the incident; and John Doe, an unnamed employee who "was assisting plaintiff in loading the artificial Christmas trees onto the cart."[5]

On April 15, 2016, this action was removed to federal court on the basis of diversity-of-citizenship jurisdiction.[6]

On May 16, 2016, Plaintiffs sought leave of court, post-removal, to file an amended complaint for the sole purpose of identifying the John Doe defendant, the previously unnamed Wal-Mart employee.[7] The motion was set for submission, without oral argument, before Chief Magistrate Judge Joseph Wilkinson, who granted the motion on May 31, 2016.[8] As a result, on that date Plaintiffs' supplemental and amending complaint was entered into the record, specifically naming Robert Evans, a Wal-Mart employee on duty at the time of Dennis Bradley's alleged incident, as a defendant.

On May 18, 2016, before Plaintiffs were granted leave by Judge Wilkinson to file an amended complaint and identify Robert Evans as being the John Doe defendant, Plaintiffs filed a motion to remand.[9] The motion is based on two grounds. First, the parties dispute whether this action was removed to federal court timely pursuant to 28 U.S.C. § 1446(b).[10] Second, the parties dispute whether the complete diversity-of-citizenship requirement is satisfied.[11] It is undisputed that Plaintiffs Dennis Bradley and Diane Bradley are citizens of Louisiana for purposes of diversity jurisdiction,[12] nor is it disputed that Defendant Heidi Noel is also a Louisiana citizen.[13] When the motion to remand was

---

[5] R. Doc. 1-1 at 2.
[6] *See generally* R. Doc. 1.
[7] *See* R. Doc. 19.
[8] R. Doc. 18.
[9] R. Doc. 15.
[10] R. Doc. 15-1 at 1–4; R. Doc. 16. Because the Court concludes that complete diversity is not present, the Court need not address Plaintiffs' timeliness-of-removal argument.
[11] R. Doc. 15-1 at 4–7.
[12] R. Doc. 1 at 5; R. Doc. 1-1 at 1.
[13] R. Doc. 1 at 4–5; R. Doc. 15-1 at 4; R. Doc. 19.

filed, Robert Evans had not yet been identified as a defendant, so the parties did not address his citizenship. However, Evans is now a named defendant, and it is undisputed that Evans is also a citizen of Louisiana.[14] Thus, complete diversity, on its face, does not exist between the Plaintiffs and Defendants Heidi Noel and Robert Evans.

In the Notice of Removal, the Defendants argued Heidi Noel was improperly joined as a defendant by the Plaintiffs. For that reason, Defendants argued complete diversity of citizenship is present because Noel's citizenship should not be considered for purposes of federal diversity jurisdiction.[15] Plaintiffs disagree that the complete diversity-of-citizenship requirement is satisfied, arguing that, even if Heidi Noel was improperly joined, the same is not true with respect to Robert Evans.[16]

## **LEGAL STANDARD**

It is the removing party's burden to establish improper joinder, and the burden is a "heavy" one.[17] The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[18] There is no allegation of actual fraud in this case. "The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[19]

---

[14] R. Doc. 15-1 at 4. *See also* R. Doc. 1-1 at 1.
[15] R. Doc. 1 at 4–5. Robert Evans had not yet been identified, so the Defendants did not make the same argument with respect to him.
[16] R. Doc. 15-1 at 4.
[17] *Lundquist v. J&J Exterminating, Inc.*, No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).
[18] *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).
[19] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d a 573).

"In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[20] In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law.[21] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[22] "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[23] Second, if the plaintiff has stated a claim and, as a result, survives a Rule 12(b)(6) challenge, but "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry."[24] "[A]lthough the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard."[25] "The district court must also take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant."[26]

## LAW AND ANALYSIS

This action involves Plaintiffs claims against, *inter alia*, two non-diverse defendants. The Court will address each non-diverse defendant, individually.

---

[20] *Rodrigue*, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[21] *Smallwood*, 385 F.3d at 573. *See also Rodrigue*, 2014 WL 4999465, at *2.
[22] *Smallwood*, 385 F.3d at 573.
[23] *Id.*
[24] *Id.*
[25] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).
[26] *Id.*

4

I.  *Heidi Noel*

Heidi Noel was the assistant manager of the Wal-Mart store and was at work at the time of the incident in which Dennis Bradley was allegedly injured. Under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury.[27] In *Canter v. Koehring*, the Louisiana Supreme Court identified four distinct criteria which must be satisfied before an employee can be found liable to a third party for his or her injury:

> (1) The principal or employer owes a duty of care to the third person . . . , breach of which has caused the damage for which recovery is sought;
>
> (2) The duty is delegated by the principal or employer to the defendant;
>
> (3) The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . ; and
>
> (4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.[28]

Plaintiffs argue Noel is at least partially liable for the injuries that Dennis Bradley sustained.[29] Plaintiffs allege Noel was "responsible for making sure that the carts/baskets, etc. were working properly [and] in good repair and removing from service those

---

[27] *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, LA. REV. STAT. § 23:1032. *See also Garrett v. AEP River Operations, LLC*, No. 15-5562, 2016 WL 945056, at *2 (E.D. La. Mar. 14, 2016); *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *2–3 (E.D. La. Apr. 8, 2015); *Haynes v. Healthcare Servs. Grp., Inc.*, No. 13-649-JJB-RLB, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014); *Gerald v. Hospitality Properties Trust*, No. 09-2989, 2009 WL 1507570, at *3 (E.D. La. May 27, 2009).
[28] *Canter*, 283 So. 3d at 721. *See also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)) ("*Canter*'s four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.").
[29] *See, e.g.*, R. Doc. 1-1 at 1–3.

5

carts/baskets which were damaged or not working properly and in instructing employees in the proper use of said carts."[30]

Several federal district courts in Louisiana have found similar allegations to be insufficient to trigger personal liability on the part of a store manager or employee, concluding that the manager or employee was improperly joined to defeat complete diversity.[31] For example, in *Rushing v. Wal-Mart Stores, Inc.*, a store patron sued Wal-Mart and the store manager for personal injuries she allegedly sustained when two cases of drinks fell from a shelf onto her head while shopping at a Wal-Mart store in Hammond, Louisiana.[32] The action was filed in state court and removed to federal court, despite the apparent lack of complete diversity, on improper joinder grounds.[33] In considering the plaintiff's motion to remand, the court looked, specifically, to the plaintiff's allegations against the Wal-Mart store manager.[34] The allegations were that the store manager was liable, *inter alia*, for: "Failing to maintain proper supervision of its employees; Failing to properly stock the shelves of the subject premises; Failing to maintain a safe and proper look-out; Failing to see they they [sic] should have seen; Failing to exercise vigilance; Failing to provide proper training and instructions to their employees; Stocking shelves in a dangerous condition; Stocking shelves at heights unreasonable for patrons; Placing heavy items [sic] high shelves; Stocking items in a dangerous condition; manner and

---

[30] R. Doc. 1-1 at 3.
[31] *See, e.g., Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064 (E.D. La. Apr. 8, 2015); *Sanchez v. Shintech Louisiana, LLC*, No. 12-370-BAJ-SCR, 2013 WL 1296684 (M.D. La. Feb. 19, 2013); *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280 (M.D. La. Dec. 19, 2012); *Black v. Lowe's Home Ctr., Inc.*, No. 10-478-C-M2, 2010 WL 4790906 (M.D. La. Oct. 22, 2010); *Arrighi v. Celebration Station Prop., Inc.*, No. 10-105-BAJ-SCR, 2010 WL 4386066 (M.D. La. Sept. 14, 2010); *Driver v. Wal-Mart Louisiana, LLC*, No. 09-786, 2009 WL 2913938 (W.D. La. Sept. 9, 2009); *Carter v. Wal-Mart Stores, Inc.*, No. Civ.A. 04-0072, 2005 WL 1831092 (W.D. La. July 28, 2005); *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958 (M.D. La. 1995); *Maxwell v. Monsanto Co.*, No. Civ.A. 91-015, 1991 WL 42571 (E.D. La. Mar. 26, 1991).
[32] *Rushing*, 2015 WL 1565064.
[33] *Id.* at *1.
[34] *Id.* at *3.

configuration; Placing too many items on a shelf; Failure to reasonably inspect shelving to remove unreasonably dangerous conditions . . . ."[35]

Relying on case law from federal district courts in Louisiana, the *Rushing* court concluded that the plaintiff's allegations were insufficient to trigger personal liability against the store manager. According to the court, the plaintiff merely alleged, generically, that the store manager "failed to supervise and provide proper training and instructions to Wal-Mart's employees," which does not amount to the breach of a personal duty to ensure the plaintiff's safety.[36] Quoting *Carter v. Wal-Mart Stores, Inc.*, a decision of the Western District of Louisiana, the *Rushing* court explained "[t]his is a classic case of attempting to place liability on an employee simply because of his general administrative responsibility for performance of some function of employment."[37] The *Rushing* court found the plaintiff could not, as a matter of law, recover against the store manager under Louisiana law, concluding that the store manager had been improperly joined.

The *Rushing* decision is analogous to the instant case, and the Court finds its reasoning to be instructive. In this case, as in *Rushing*, the Plaintiffs are attempting to impose administrative, technical liability on Heidi Noel. Having conducted a Rule 12(b)(6) inquiry, looking to the allegations of the state-court petition to determine whether the Plaintiffs stated a viable claim against Noel under Louisiana law, the Court finds the Plaintiffs have not stated such a claim. Noel was improperly joined to defeat federal diversity jurisdiction, and her presence as a defendant does not destroy complete diversity. Remand to state court is not available on the basis that Noel is not diverse from the Plaintiffs.

---

[35] *Id.*
[36] *Id.* at *4.
[37] *Id.* (quoting *Carter v. Wal-Mart Stores, Inc.*, No. Civ.A. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005)) (internal quotation marks omitted).

7

II.     *Robert Evans*

The presence of federal subject-matter jurisdiction is, as a general rule, assessed at the time of removal.[38] When this action was removed to federal court on April 15, 2016, Robert Evans, a non-diverse Louisiana citizen, was not a named defendant. According to Plaintiffs, Evans is the Wal-Mart employee who assisted Dennis Bradley in loading the shelf cart,[39] but his identity was not known until sometime in May 2016.[40] Because Evans's identity was unknown when suit was filed in state court, Plaintiffs instead named a John Doe defendant—an unnamed Wal-Mart employee who provided the subject cart to Dennis Bradley and assisted him "in loading the artificial Christmas trees onto the cart."[41] Evans's identity, according to Plaintiffs, was still unknown when the action was removed in April 2016, hence the presence of the fictitious John Doe defendant in the Notice of Removal.[42] "The citizenship of a person sued under a fictitious name whose name and citizenship are unknown can be disregarded for purposes of determining diversity jurisdiction."[43] At the time of removal, the identity and citizenship of Robert Evans were unknown, and he was sued under a fictitious name, rendering Evans a non-factor in assessing the presence of complete diversity of citizenship at the time of removal.

Whether the post-removal identification of the John Doe defendant as Robert Evans, a non-diverse Louisiana citizen, defeats federal diversity jurisdiction is the next issue the Court must consider. The Fifth Circuit squarely addressed this issue in *Doleac v. Michalson*, 264 F.3d 470 (5th Cir. 2001). In *Doleac*, the Fifth Circuit confronted the

---

[38] *See, e.g.*, *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2006).
[39] R. Doc. 1-1 at 1–2.
[40] *See* R. Doc. 12.
[41] R. Doc. 1-1 at 2.
[42] *See* R. Doc. 1 (Notice of Removal).
[43] *Kerr v. Target Corp.*, No. 4:15cv13, 2015 WL 2227790, at *4 (E.D. Tex. May 11, 2015) (citing 28 U.S.C. § 1441(b); *Doleac v. Michalson*, 264 F.3d 470, 475 (5th Cir. 2001)).

issue of whether a plaintiff's post-removal amendment of her complaint to substitute a non-diverse individual for a fictitious John Doe defendant destroyed federal diversity jurisdiction.[44] The Fifth Circuit answered the question in the affirmative.[45] In so ruling, the Fifth Circuit found persuasive the First Circuit's decision in *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, which held that "federal diversity jurisdiction is defeated so long as, after removal, fictitious defendants are replaced with nondiverse, named defendants."[46] Courts within the Fifth Circuit have followed suit. For example, in *Parker v. Walgreen Co.*, the Southern District of Mississippi found that: "While jurisdiction is usually judged at the time of removal, joinder of a nondiverse defendant will defeat diversity jurisdiction. The same is true even when a non-diverse John Doe defendant is subsequently identified and joined."[47] Similarly, in *Wells v. Medtronic, Inc.*, a court in this district held that "regardless of whether a non-diverse party is joined after removal under Federal Rule of Civil Procedure 19 or substituted for a John Doe under Rule 15, once the party is properly present in the action, diversity is destroyed and subject matter jurisdiction is extinguished."[48] It is clear, based on the Fifth Circuit's decision in *Doleac* and the cases that apply it, that the substitution of Robert Evans, a non-diverse Louisiana citizen, for the John Doe defendant post-removal destroys complete diversity and extinguishes subject matter jurisdiction, provided Evans is properly present in the action.

---

[44] *Doleac*, 264 F.3d at 473–78.
[45] *Id.* at 476–77.
[46] *Id.* at 476 (internal quotation marks omitted) (quoting *Casas Office Machines, Inc. v. Mita Copystar America, Inc.*, 42 F.3d 668, 674 (1st Cir. 1995)).
[47] *Parker v. Walgreen Co.*, No. 1:10cv184-LG-RHW, 2010 WL 4809962, at *1 (S.D. Miss. Nov. 19, 2010) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Doleac*, 264 F.3d at 475).
[48] *Wells v. Medtronic, Inc.*, No. 15-1460, 2016 WL 1105011, at *13 (E.D. La. Mar. 21, 2016) (citing *Doleac*, 264 F.3d at 475).

Whether Evans is properly present as a defendant is the next issue the Court must consider. As stated above, under Louisiana law a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury.[49] Plaintiffs allege Robert Evans (1) "provided [the cart to Dennis Bradley] for removing the trees," (2) "assist[ed] plaintiff in loading the artificial Christmas trees onto the cart," and (3) "folded and secured the collapsible shelf on said cart which ultimately became unsecured and injur[ed] plaintiff, Dennis J. Bradley."[50] In *Brady v. Wal-Mart Stores, Inc.*, the Middle District of Louisiana explained, in denying a motion to remand, that the plaintiff, who was injured by falling boxes in a Wal-Mart store in Livingston Parish, did not allege, nor did the evidence reveal, that the non-diverse Wal-Mart employee "was the employee who stacked the boxes improperly or who personally caused the accident."[51] Instead, the *Brady* court explained that "the plaintiffs seek to impose liability on [the non-diverse employee] for breaches of his general administrative duties."[52] Unlike in *Brady*, the Plaintiffs in this case have alleged that Robert Evans personally provided Dennis Bradley with the cart, assisted him in loading Christmas trees onto the cart, and attempted to secure the cart's collapsible shelf, which ultimately became unsecured and injured Dennis Bradley.[53] Plaintiffs are not attempting to impose administrative, or technical, liability on Evans. Instead, according to Plaintiffs, Evans was the Wal-Mart employee who was directly involved in the incident in which Dennis Bradley was allegedly injured.

---

[49] *See supra* note 27.
[50] R. Doc. 1-1 at 2.
[51] *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995).
[52] *Id.*
[53] R. Doc. 1-1 at 2.

Defendants bear the burden of establishing improper joinder. The burden is a "heavy" one.[54] Considering the allegations in the state-court petition, the Court concludes that there is a possibility that Plaintiffs can recover from Robert Evans, given the allegations that Evans was personally involved in the incident and whose actions may have caused, at least in part, Dennis Bradley to suffer injury.[55] Defendants have not met the "heavy burden" of demonstrating improper joinder. Because Robert Evans, a Louisiana citizen, is a defendant to this action and was not improperly joined, and because Plaintiffs are also Louisiana citizens, complete diversity of citizenship does not exist. This matter must be remanded.

## CONCLUSION

**IT IS ORDERED** that the Plaintiffs' motion to remand is **GRANTED**. This action is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana.

**New Orleans, Louisiana, this 8th day of June, 2016.**

*(signed)* Susie Morgan
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[54] *Lundquist v. J&J Exterminating, Inc.*, No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).

[55] *See, e.g., Taylor v. Home Depot U.S.A., Inc.*, No. 12-1675, 2013 WL 4721368 (E.D. La. Sept. 3, 2013); *Thomas v. Wal-Mart Stores, Inc.*, No. 11-2365, 2012 WL 1019822, at *2–3 (E.D. La. Mar. 26, 2012); *Howard v. Wal-Mart Stores, Inc.*, No. 09-164, 2009 WL 981688, at *2–3 (E.D. La. Apr. 13, 2009) ("Considering these allegations, the Court concludes that there exists a possibility, although perhaps remote, that Howard will be able to recover against Pendleton. Defendants have not met the 'heavy burden' of demonstrating improper joinder."); *Freeman v. Wal-Mart Stores, Inc.*, 775 F. Supp. 208 (E.D. La. 1991).